NICOMEDES VÉLEZ, FRANCISCO CRUZ, JUAN FIGUEROA, MANUEL MARTÍNEZ, JOSÉ VÉLEZ, ASUNCIÓN SÁNCHEZ, ANTONIO TORRES y VIDAL CARDONA, peticionarios, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. RICARDO LA COSTA, JR., JUEZ, demandada.

Núm. 1210.—*Sometido:* Mayo 16, 1940. *Resuelto:* Junio 17, 1940.

V. *Gutiérrez Franqui,* abogado de los peticionarios; *M. Cruz Horta,* abogado del demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

En una acción de desahucio en precario seguida por Luis de la Cruz contra Alberto Gordon y los aquí peticionarios, la Corte de Distrito de San Juan dictó sentencia en contra de los demandados, haciendo constar que éstos no habían comparecido en el acto de la segunda comparecencia. En marzo 11, 1940, los demandados solicitaron se dejara sin efecto la sentencia y que se señalara de nuevo la segunda comparecencia. El día de la vista de dicha moción, los demandados alegaron que la corte inferior no tenía jurisdicción porque aun cuando de los autos aparece que el demandado Alberto Gordon fué emplazado el 13 de diciembre de 1939, el hecho cierto es que dicho demandado falleció el 29 de noviembre de 1939, según consta del certificado de defunción que se acompañó a la moción.

Vistas las referidas mociones, en 21 de marzo de 1940, la Corte de Distrito de San Juan dictó una resolución "dejando sin efecto ni eficacia alguna la sentencia dictada el día 4 de enero de 1940 y reponiendo el caso al mismo estado en que estaba antes de la segunda comparecencia, imponiendo las costas a los demandados, en las que se incluye la suma de $25 para honorarios de abogado del demandante, y señalándose el día 1 de abril de 1940, a las nueve de la mañana, para la segunda comparecencia en este caso." La corte reservó la cuestión jurisdiccional para resolverla después de celebrada la segunda comparecencia decretada. La resolución dice así:

"En cuanto a la moción de falta de jurisdicción, refiriéndose la misma a uno de los demandados, y no habiendo sido señalada para el día en que se discutieron las otras dos mociones, *se deja pendiente la resolución en cuanto a la misma* para después que se celebre la segunda comparecencia señalada en esta resolución, ya que aparece de los autos que este demandado ha venido compareciendo en unión de los demás, representado por sus abogados, y aún comparece en la moción de falta de jurisdicción." (Itálicas nuestras.)

En la petición de certiorari radicada en esta Corte Suprema, los peticionarios alegan que la corte inferior erró:

1. Al imponer a los demandados el pago de costas y honorarios, no obstante haber sido resuelta a favor de éstos la moción sobre nulidad de la sentencia.

2. Al hacer el pronunciamiento, supra, sobre la moción de falta de jurisdicción.

3. Al no resolver la cuestión jurisdiccional por el fundamento de que el demandado Alberto Gordon había comparecido en el procedimiento por medio de abogados.

Solamente la primera de las tres cuestiones planteadas puede ser considerada dentro del presente recurso. La segunda y la tercera no son revisables por esta Corte Suprema, toda vez que según consta del récord la corte inferior en abril 8, 1940, dictó una resolución declarándose sin jurisdicción en cuanto al demandado Alberto Gordon y con jurisdicción en cuanto a los otros demandados.

El artículo 327 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley núm. 69 de mayo 11, 1936 (Leyes de 1936, (1) pág. 353), impone a la corte sentenciadora la obligación de conceder las costas a "la parte a cuyo favor se dicte cualquier sentencia o resolución *final*." Y provee además que "en el caso de que cualquier parte haya procedido con temeridad la corte debe imponerle *en su sentencia* el pago de los honorarios del abogado de la otra parte, estableciendo en su sentencia el montante de dichos honorarios, teniendo en cuenta *el grado de culpa* en el litigio y el trabajo necesariamente prestado por el abogado de la otra parte."

La corte inferior no estaba autorizada por precepto legal alguno para imponer el pago de costas a la parte a favor de la cual dictó su resolución anulando la sentencia.

*Debe revocarse la resolución recurrida en cuanto al pago de costas y honorarios de abogado a que por ella se condena a los peticionarios.*